UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **LINDA TRIMBLE,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 4:21-cv-01672-ACA |
| } | |
| **COMMISSIONER,** } | |
| **SOCIAL SECURITY** } | |
| **ADMINISTRATION,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Plaintiff Linda Trimble appeals the decision of the Commissioner of Social Security that she was not disabled before February 2, 2017. Based on the court's review of the administrative record and the parties' briefs, the court **WILL AFFIRM** the Commissioner's decision.

## I.  PROCEDURAL HISTORY

Ms. Trimble applied for a period of disability, disability insurance benefits, and supplemental security income in September 2015, alleging disability beginning September 15, 2015.[1] (R. at 61, 108, 111, 230). The Commissioner denied Ms. Trimble's claims (*id.* at 82–111, 132–36), and she requested a hearing before

---

[1] Ms. Trimble originally alleged that her disability began on September 11, 2015. (R. at 108, 111). She later amended the alleged onset date to September 15, 2015. (*Id.* at 61).

an Administrative Law Judge ("ALJ") (*see id.* at 142). After holding two hearings (*id.* at 48–81), an ALJ issued a partially favorable decision, finding that Ms. Trimble became disabled on February 2, 2017 but not before that date (r. at 28–47). The ALJ used the date of an independent medical evaluation performed by Dr. Jarred Warren on February 2, 2017 to find that Ms. Trimble's disability began on that date, and the ALJ and assigned "significant weight" to Dr. Warren's evaluation because it "was the most comprehensive assessment of" Ms. Warren's limitations for the period beginning on February 2, 2017. (*Id.* at 37). The Appeals Council denied Ms. Trimble's request for review of the ALJ's initial decision. (*Id.* at 1–4).

Ms. Trimble appealed the Commissioner's decision to this court. (*Id.* at 1444–45). The district judge who presided over Ms. Trimble's initial appeal found that substantial evidence did not support the ALJ's decision that Ms. Trimble was not disabled before February 2, 2017 because the medical evidence in the record did not clearly indicate when Ms. Trimble reached the level of disability indicated in Dr. Warren's medical evaluation, and the ALJ failed to explain why the date of the evaluation, and not some earlier date, was Ms. Trimble's onset date. (R. at 1456–59). Therefore, the court reversed and remanded "for the ALJ to make an onset determination based on the advice of a medical expert." (*Id.* at 1462; *see also id.* at 1446). The Appeals Council then affirmed the ALJ's finding that

Ms. Trimble was disabled beginning February 7, 2017, vacated the ALJ's decision "only with respect to the issue of disability before February 2, 2017," and remanded the case to the ALJ "for further proceedings on that issue." (*Id.* at 1465).

On remand, the ALJ held another hearing, during which a medical expert opined that the medical evidence did not support Ms. Trimble's alleged limitations for the period between her alleged onset date and February 1, 2017 and that she was not disabled during that time frame. (R. at 1419–25). A vocational expert also testified regarding Ms. Trimble's past relevant work and her ability to perform other jobs based on a hypothetical drawn largely from the medical expert's testimony. (*Id.* at 1433–38; *compare id.* at 1430 *with id.* at 1436).

The ALJ issued a decision in December 2020, finding that Ms. Trimble was not disabled before February 2, 2017. (*Id.* at 1044–65). In this decision, the ALJ gave "lesser weight" to Dr. Warren's evaluation than other opinion evidence in the record, including that of the medical expert who testified during the hearing on remand. (R. at 1061). The Appeals Council denied Ms. Trimble's request for review (*id.* at 1034–37), making the Commissioner's December 2020 decision final and ripe for the court's judicial review, 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.   STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court "must determine whether the Commissioner's decision is

supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "Under the substantial evidence standard, this court will affirm the ALJ's decision if there exists such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel*, 631 F.3d at 1178 (quotation marks omitted). The court must affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).

Despite the deferential standard for review of claims, the court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Henry*, 802 F.3d at 1267 (quotation marks omitted). Moreover, the court must reverse the Commissioner's decision if the ALJ does not apply the correct legal standards. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. ALJ'S DECISION

To determine whether an individual is disabled, an ALJ follows a five-step sequential evaluation process. The ALJ considers:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178.

Here, the ALJ determined that Ms. Trimble had not engaged in substantial gainful activity since her alleged onset date. (R. at 1048). The ALJ found that Ms. Trimble's lumbar degenerative disc disease and peripheral neuropathy were severe impairments, but that her gastroesophageal reflux disease, anorexia, hypercholesterolemia, insomnia, and irritable bowel syndrome were non-severe impairments. (*Id.* at 1048–49). The ALJ then concluded that between her alleged onset date and February 2, 2017, Ms. Trimble did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 1049).

After considering the evidence of record, the ALJ determined that between her alleged onset date and February 2, 2017, Ms. Trimble had the residual functional capacity to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except that she faced some additional physical and postural limitations. (*Id.* at 1050). Based on this residual functional capacity and

the testimony of the vocational expert, the ALJ concluded that between her alleged onset date and February 2, 2017, Ms. Trimble could perform her past relevant work as a meat packager and poultry hanger, as actually performed. (R. at 1063). The ALJ also found that other jobs exist in significant numbers in the national economy that Ms. Trimble could perform, including storage facility rental clerk, merchandise marker, and clerical assistant. (*Id.* at 1064). Accordingly, the ALJ found that Ms. Trimble was not disabled, as that term is defined in the Social Security Act, for the period prior to February 2, 2017. (*Id.* at 1065).

## IV. DISCUSSION

Ms. Trimble argues that the court should reverse the Commissioner's decision because (1) the ALJ violated the law of the case doctrine and the mandate rule by assigning less weight to Dr. Warren's February 2017 independent medical evaluation than he had given it in his 2018 decision and by finding that Ms. Trimble was not disabled before February 2, 2017, and (2) the ALJ failed to follow Social Security Ruling 18-1p when he did not consider her testimony and that of a friend in determining that she was not disabled before February 2, 2017. (Doc. 16 at 11–17). The court considers each issue in turn.

### 1.   Law of the Case and Mandate Rule

Ms. Trimble's first argument is that substantial evidence does not support the ALJ's decision because the law of the case doctrine and the mandate rule did

not permit the ALJ to give less weight to Dr. Warren's February 2017 evaluation or to assign the same February 2, 2017 onset date as the ALJ's first decision. (*Id.* at 11–16). The Eleventh Circuit has not addressed "in a published opinion whether the law of the case doctrine or the mandate rule applies in the context of" social security appeals. *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 n.1 (11th Cir. 2019 (unpublished). But the parties assume they do (*see* doc. 16 at 11–16; doc. 17 at 7–8), and therefore, the court does as well.

"Under the law of the case doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & The Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (quotation marks omitted). "The mandate rule is nothing more than a specific application of the law of the case doctrine." *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 430 F.3d 1326, 1331 (11th Cir. 2005) (quotation marks omitted). The mandate rule requires a trial court to "enter an order in strict compliance with the mandate" of an appellate court. *Id.* (quotation marks omitted); *see Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) ("The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces.") (cleaned up).

Ms. Trimble argues that the ALJ's decision to give less weight on remand to Dr. Warren's examination violates the law of the case because the ALJ previously found that Dr. Warren's examination was entitled to significant weight. (Doc. 16 at 14). In the section of his initial decision in which the ALJ found that Ms. Trimble was disabled beginning February 2, 2017, the ALJ gave "significant, but not conclusive weight" to Dr. Warren's report because it was "the most comprehensive assessment of" Ms. Trimble's "functional limitations beginning for the current period" (i.e., for the period of time beginning February 2, 2017). (R. at 37; *see also id.* at 36). The ALJ made no findings about Dr. Warren's assessment for any period of time prior to February 2, 2017. (*See id.* at 33–36). Therefore, there was no finding about Dr. Warren's assessment for the relevant period of time on remand that could have bound the ALJ.

In addition, the Appeals Council's order on remand vacated the portion of the ALJ's initial decision that determined she was not disabled before February 2, 2017. (*Id.* at 1465). Thus, that portion of the ALJ's decision was "officially gone" or "void" and has "no legal effect." *United States. v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002). Accordingly, even if the ALJ had made a finding in his initial decision about Dr. Warren's report as it relates to the period of time before February 2, 2017, the ALJ was not required to abide by that finding on remand.

Ms. Trimble also argues that the ALJ's finding on remand that she was not disabled before February 2, 2017 violates the law of the case because the district court previously found that: (1) nothing in the record indicated that her condition worsened on February 2, 2017; (2) her condition was constantly deteriorating; (3) her condition declined from her alleged onset date to February 2, 2017; and (4) nothing happened on February 2, 2017 that points to that date as the onset date. (Doc. 16 at 13) (citing r. at 1457–58). Even if these findings are law of the case, they are not findings that Ms. Trimble was disabled at some point before February 2, 2017 or that Dr. Warren's evaluation was entitled to some specific weight. On remand, and consistent with the district court's instructions, the ALJ received and considered testimony from a medical expert. (R. at 1061–62, 1418–33). Based on that new evidence and the record as a whole, the ALJ articulated a finding that Ms. Trimble was not disabled before February 2, 2017. (*Id.* at 1050–65). That determination was not foreclosed by any findings contained in the district court's remand decision.

Similarly, Ms. Trimble argues that the ALJ violated the mandate of the district court and the Appeals Council by failing to assign an onset date before February 2, 2017. (Doc. 16 at 15–16). Ms. Trimble's argument fails because it operates from a misunderstanding of the district court's remand decision and the Appeals Council's remand order.

Ms. Trimble contends that "the necessary implication" of the district court's mandate was an instruction that the ALJ must determine an onset date before February 2, 2017. (Doc. 16 at 16). Ms. Trimble's construction of the district court order finds no support in its text. The district court found that "the ALJ's determination that Ms. Trimble was not disabled prior to February 2, 2017 [wa]s not supported by substantial evidence" (r. at 1462) because "the ALJ erred in failing to use a medical examiner to help explain why" Ms. Trimble's onset of disability occurred on the date of her evaluation by Dr. Warren instead of some earlier date (*id.* at 1459). Therefore, the district court remanded Ms. Trimble's case "for the ALJ to make an onset date determination based on the advice of a medical expert." (*Id.* at 1462).

As Ms. Trimble acknowledges, "[t]he express mandate of the District Court was to 'make an onset date determination based on the advice of a medical expert.'" (Doc. 16 at 15) (quoting r. at 1462). The district court did not expressly or impliedly require the ALJ to assign a different onset date—only that he make the onset date determination with the assistance of a medical expert. That is precisely what the ALJ did. The ALJ re-examined the medical evidence in light of the testimony from a medical expert and concluded that Ms. Trimble had not established that she was disabled for the period prior to February 2, 2017, effectively finding that her onset date remains February 2, 2017. (R. at 1050–65).

Likewise, the ALJ's determination that Ms. Trimble was not disabled before February 2, 2017 did not violate the Appeals Council's mandate. The Appeals Council vacated the ALJ's prior decision "with respect to the issue of disability before February 2, 2017" and remanded Ms. Trimble's case "for further proceedings on that issue." (R. at 1465). The Appeals Council's remand order stated that on remand, the ALJ was to "issue a new decision on the issue of disability for the time-period before February 2, 2017." (*Id.*). Again, that is what the ALJ did. He issued a new decision on the issue of disability for the period of time before February 2, 2017. (*Id.* at 1044–65). Nothing in the Appeals Council's remand order required the ALJ to assign an onset date before February 2, 2017.

2.  SSR 18-1p

Ms. Trimble's second argument is that the ALJ did not properly apply SSR 18-1p when he determined that her disability onset date was February 2, 2017 because he did not consider evidence from non-medical sources, including her testimony and that of friend. (Doc. 16 at 16–17).

SSR 18-1p describes what an ALJ considers when determining a claimant's established onset date of disability in cases of traumatic, non-traumatic, and exacerbating and remitting impairments. SSR 18-1p, 2018 WL 4945639 (Oct. 2, 2018). In relevant part, the Ruling states that "[i]f there is information in the claim(s) file that suggests that additional medical evidence relevant to the period at

issue is available, we will assist with developing the record and may request existing evidence directly from a medical source or entity that maintains the evidence." SSR 18-1p, 2018 WL 4945639, at *6. The Ruling also provides that if (1) the ALJ "cannot obtain additional medical evidence or it does not exist" and (2) the ALJ "cannot reasonably infer the date that the claimant first met the statutory definition of disability based on the medical evidence in the file," then the ALJ "may consider evidence from other non-medical sources such as the claimant's family, friends, or former employers." *Id.*

Ms. Trimble argues that the ALJ violated this instruction because he "should have given more consideration" to her testimony and her friend Shawntez Cash's testimony. (Doc. 16 at 17). The court disagrees.

First, the language of SSR 18-1p is permissive; it does not require an ALJ to consider testimony from non-medical sources when determining an onset date. *See* SSR 18-1p, 2018 WL 4945639, at *6 (stating that an ALJ "<u>may</u> consider evidence from other non-medical sources") (emphasis added). Second, SSR 18-1p states that an ALJ may consider evidence from non-medical sources when two circumstances are present: (1) when the ALJ cannot obtain additional relevant medical evidence—or it does not exist—and (2) when the ALJ is unable to infer an onset date based on the medical evidence in the record. *Id.*

Ms. Trimble has not argued that additional medical evidence relevant to the time period at issue is missing or otherwise unavailable, and she has not argued that the ALJ was unable to infer an onset date based on the extensive medical evidence in her file. (*See generally* doc. 16 at 16–17). Accordingly, Ms. Trimble has not shown that the ALJ was required to consider testimony from non-medical sources in determining her disability onset date.

## V.   CONCLUSION

Substantial evidence supports the ALJ's decision that Ms. Trimble was not disabled for the period prior to February 2, 2017, and the court **WILL AFFIRM** the Commissioner's decision.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this November 21, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE